JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:10-cv-01978-JHN -AGRx | Date | February 8, 2011 |
|---|---|---|---|
| Title | Rachael Killion v. Autozone Stores Inc et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:** (In Chambers) ORDER REMANDING ACTION TO STATE COURT

The matter is before the Court on AutoZone, Inc., AutoZone Stores, Inc., and AutoZoners, LLC's (collectively, "Defendants") Notice of Removal ("Notice"). (Docket No. 1.) Having reviewed Defendants' Notice of Removal and the attached Exhibits, the Court hereby **REMANDS** the action to the **SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO** for the reasons stated below.

## I. BACKGROUND

Plaintiff Rachael Killion ("Plaintiff") brings suit against defendants alleging violation of the California Fair Employment and Housing Act ("FEHA"); violation of the California Family Rights Act ("CFRA"); disability discrimination; failure to accommodate; failure to prevent discrimination; CFRA retaliation; and tortious discharge in violation of public policy. (Compl. at 1.)

Defendants removed on the basis of diversity jurisdiction. The parties meet the diversity of citizenship requirement. (Notice ¶ 8.) However, an issue exists as to whether the amount in controversy ("AIC") requirement was met. Defendants claim that Plaintiff's lost wages and benefits amount to approximately $11,490.00 at the time of removal. (*Id.* ¶ 11.) Defendants further claim that the requisite jurisdictional amount is met by including other potential items of recovery such as attorney's fees, punitive damages, emotional damages. (Compl. ¶¶ 12-15.)

## II. LEGAL STANDARD

In removing a claim to federal court, the moving party bears the burden of establishing the propriety of removal, including actually proving that the amount of controversy exceeds $75,000. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992). The amount in controversy is tested at the time of removal, not as increased or decreased due to later events. *Meritcare, Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217-218 (3d Cir. 1999). When the complaint is unclear as to the amount of damages that plaintiff seeks, the defendant must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir. 1996)**.**

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:10-cv-01978-JHN -AGRx | Date | February 8, 2011 |
|---|---|---|---|
| Title | Rachael Killion v. Autozone Stores Inc et al. | | |

When it is not "facially apparent" from the complaint that the claims likely exceed the required amount, the district court may consider facts set forth in the notice of removal and "summary judgment-type evidence" relevant to the amount in controversy. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)). Conclusory allegations are insufficient to meet the burden; rather, defendant must state the underlying facts supporting its assertion that the amount in controversy is met. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (allegations on "information and belief" did not prove jurisdictional amount for purposes of removal jurisdiction)**.** The strong presumption against removal jurisdiction necessarily means that federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F. 2d at 566.

### III.  DISCUSSION

Defendants in this case concede that at the time of removal, Plaintiff's lost wages and benefits were approximately $11,490.00, far short of the $75,000 threshold amount. (Notice of Removal ¶ 11.) However, Defendants claim that the total amount Plaintiff seeks likely amount to more than $75,000 when emotional distress damages, punitive damages, and attorney's fees are included.

**A.     Attorney's Fees**

Attorney's fees may be included in the jurisdictional amount if such recovery is allowed by contract or state. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150 (9th Cir. 1998). Attorney's fees awards are allowed under FEHA. Cal. Gov't. Code § 12965. Some courts include the calculation of attorney's fees incurred *after* the date of removal and other courts prohibit it.[1] The Court need not reach the issue here because Defendants provide no factual basis for determining how much attorney's fees have been incurred thus far and will be incurred in the future. A mere conclusory statement that "[a]ttorney's fees in discrimination cases continue to accrue 'until the matter is resolved'" (Notice ¶ 14) is insufficient. Thus, Defendants' inclusion of Plaintiff's attorney's fees is speculative, unsupported and cannot be included in determining the amount in controversy.

---

[1] *Compare Faulkner v. Astro-Med, Inc.*, 1999 U.S. Dist. LEXIS 15801, 1999 WL 820198 at *4 (N.D. Cal. Oct. 4, 1999) ("When estimating attorney's fees for the purposes of establishing jurisdiction, the only fees that can be considered are those incurred as of the date of removal."); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (declining to consider attorney's fees spent after the date of removal) *with Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (including "a reasonable estimate of attorneys fees likely  to be expended" in calculating the amount in controversy); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (same); *Burk v. Medical Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1068-1069 (D. Ariz. 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:10-cv-01978-JHN -AGRx | Date | February 8, 2011 |
|---|---|---|---|
| Title | Rachael Killion v. Autozone Stores Inc et al. | | |

**B.     Punitive Damages**

Punitive damages may be included in the amount in controversy if they are recoverable under the applicable law.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).  FEHA allows punitive damage awards in discrimination cases.  Cal. Gov't. Code § 12965.  Here, Defendants cite two cases, *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (Cal. 2009), and *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029 (N.D. Cal. 2002), in which punitive damages were awarded, but make no attempt to analogize or explain how these cases are similar to the instant action.  (Notice ¶ 13.)  Simply citing these cases merely illustrate that punitive damages are possible, but in no way shows that it is likely or probable in this case.  Therefore, Defendants' inclusion of punitive damages in the calculation of the jurisdictional amount is speculative and unsupported.

**C.     Emotional Damages**

Plaintiff does not seek to recover for emotional damages in her complaint.  Thus, Defendants cannot include this item in the calculation of the amount in controversy.  Moreover, Defendants provide no factual basis for determining the likelihood of emotional damages in this case.

**D.     Costs and Prejudgment Interest**

Costs and prejudgment interest are expressly prohibited from inclusion in the amount in controversy requirement.  28 U.S.C. § 1332(a)(1).[2]

**IV.  CONCLUSION**

In short, Defendants fail to provide any evidence or basis for the Court to conclude that it is more likely than not that the amount in controversy exceeds $75,000.  In light of the "strong presumption against removal jurisdiction," *Gaus*, 980 F.2d at 556, the Court **REMANDS** the action to the **COUNTY OF SAN BERNARDINO SUPERIOR COURT.**

**IT IS SO ORDERED.**

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |

---

[2]   Section 1332(a)(1) of Title 28 of the U.S. Code provides, in relevant part, that "the district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds that sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:10-cv-01978-JHN -AGRx | Date | February 8, 2011 |
|---|---|---|---|
| Title | Rachael Killion v. Autozone Stores Inc et al. | | |